**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION**

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., a New York Corporation,<br><br>Plaintiff,<br><br>      v.<br><br>SK INTERTAINMENT, INC., an Illinois Corporation; STEPNATION MEDIA, INC., a Canada Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 20-cv-7450<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT and<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff CREATIVE PHOTOGRAPHERS, INC. hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. It is also proper under Fed. R. Civ. P. 4(k)(2) since this claim arises under federal law, Defendant Stepnation Media, Inc. appears to not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws. Further, it is also proper under 735 ILCS 5/2-209 Illinois Long-Arm Statute, which lists the following acts as giving rise to jurisdiction in Illinois, "the transaction of any business within this State", Defendant Stepnation Media, Inc. acquired the website www.egotastic.com/ on or around December 19, 2019 from Defendant SK Intertainment, Inc.

which is an Illinois corporation, this very activity establishes minimum contacts in the state of Illinois.

## PARTIES

4.     Plaintiff CREATIVE PHOTOGRAPHERS, INC. ("CPI") is a New York corporation with its primary place of business located at 135 East 57th Street, 14th Floor, New York, New York 10022. CPI is a premier photographic syndication company that provides images of models and celebrities created by internationally renowned photographers to communication and media businesses. CPI exclusively administered the infringed copyright rights at issue in this action.

5.     Plaintiff is informed and believes and thereon alleges that Defendant SK INTERTAINMENT, INC. ("SK INTERTAINMENT") is an Illinois corporation with its principal place of business located at 1288 N. Hermitage Avenue, #4, Chicago, Illinois 60622, and is the owner of the websites at http://www.mrskin.com/, and was at certain relevant times the owner of http://www.egotastic.com/.

6.     Plaintiff is informed and believes and thereon alleges that Defendant STEPNATION MEDIA, INC. ("STEPNATION") is a Canada corporation with its principal place of business located at Westmount, Canada, and is the owner of the websites at http://www.egotastic.com/ and http://ww.wwtdd.com/.

7.     Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of

such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHY

9.      Plaintiff is the exclusive syndicator of forty-two (42) original photographs listed in the Exhibit A attached hereto (collectively, the "Subject Photography"), which were taken and owned by Plaintiff's clients, professional photographers Zoey Gross, Vijat Mohindra, Nino Munoz, Ruven Afanador, and Frank Ockenfels. At all relevant times CPI has been the exclusive administrator and publisher of those works and is entitled to institute and maintain this action for copyright infringement. 17 U.S.C. §501(b).

10.      The Subject Photography have each been registered with the United States Copyright Office as indicated on the Exhibit A.

11.      Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photography, SK INTERTAINMENT, STEPNATION, DOE Defendants, and each of them used the Subject Photography without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on the for-profit websites http://www.egotastic.com, http://www.wwtdd.com/, and http://www.mrskin.com/ ("Subject Posts").

12.      Screen captures of the infringing use of the Subject Photography via the Subject Posts on the websites http://www.egotastic.com, http://www.wwtdd.com/, http://www.mrskin.com/, and affiliated websites are attached hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

13.      Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

14.    Defendants, and each of them, had access to the Subject Photography, including, without limitation, through viewing the Subject Photography on the Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

15.    Defendants infringed Plaintiff's copyright by copying, publishing, and displaying the Subject Photography to the public, including without limitation, the website listed above, without Plaintiff's authorization or consent.

16.    Due to Defendants', and each of their acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

17.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photography in an amount to be established at trial.

18.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

19.    Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

20.    Plaintiff is informed and believes and thereon alleges that STEPNATION purposefully directed activities toward the United States market by contracting with Michigan-

based Easy Online Solutions, Ltd. d/b/a MojoHost to deliver content to viewers in the United States through a system of servers located throughout the United States—the very activities out of which claims at issue arise.

21.     Plaintiff is informed and believes and thereon alleges that Easy Online Solutions, Ltd. d/b/a MojoHost is an Internet Service Provider ("ISP") which is used by STEPNATION as a data center, for web hosting and for transit of information and content for websites http://www.egotastic.com and http://www.wwtdd.com/.

22.     Plaintiff is informed and believes and thereon alleges that the images on http://www.egotastic.com and http://www.wwtdd.com/, including the infringing images at issue in this case, are hosted by the above named ISP (MojoHost) data centers and transmitted by these ISPs to servers in the United States through an agreement between Defendant STEPNATION and MojoHost's delivery network, making the infringing images at issue in this case available to viewers in the United States, including, but not limited to, in Miami, FL, Ukiah, CA, Franklin, MI, and Las Vegas, NV.

23.     Plaintiff is informed and believes and thereon alleges that Defendant STEPNATION, through its agreements with MojoHost, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged herein above. Such conduct included, without limitation, publishing the Subject Photography obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photography.

24.     Plaintiff is informed and believes and thereon alleges that STEPNATION, SK INTERTAINMENT, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website posts that incorporated the unauthorized copies of the Subject Photography, and were able to supervise the publication of said posts.

25.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

26.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

27.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a.      That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photography, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photography from their respective websites, catalogs, marketing and advertisement materials.

b.      That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent

available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

      c.      That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

      d.      That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

      e.      That Plaintiff be awarded its costs and fees under the statutes set forth above;

      f.      That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

      g.      That Plaintiff be awarded pre-judgment interest as allowed by law;

      h.      That Plaintiff be awarded the costs of this action; and

      i.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: December 16, 2020          Respectfully submitted,

          /s/ Stephen M. Doniger
          Stephen M. Doniger (lead counsel, pro hac vice pending)
          California Bar No. 179314
          DONIGER / BURROUGHS
          603 Rose Ave
          Venice, CA 90291
          (310) 590-1820
          stephen@donigerlawfirm.com

          Daliah Saper (local counsel)
          Illinois Bar. No. 6283932
          Brandon Beymer (local counsel)
          Illinois Bar. No. 6332454
          Saper Law Offices, LLC

505 N. LaSalle Dr., Ste 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com

*Attorneys for Plaintiff August Image, LLC*